UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/2021

---------------------------------------x

In re: PURDUE PHARMA
BANKRUPTCY APPEALS

21 cv 7532 (CM) [Master Case]

[rel: 21 cv 7585 (CM)
21 cv 7961 (CM)
21 cv 7962 (CM)
21 cv 7966 (CM)
21 cv 7969 (CM)
21 cv 8034 (CM)
21 cv 8042 (CM)
21 cv 8049 (CM)
21 cv 8055 (CM)
21 cv 8139 (CM)
21 cv 8258 (CM)
21 cv 8271 (CM)]

---------------------------------------x

This Filing Relates to

---------------------------------------x

ALL MATTERS

---------------------------------------x

## ORDER ON THE PENDING MOTIONS TO INTERVENE BY THE AD HOC COMMITTEE OF NAS CHILDREN, THE MULTI-STATE GOVERNMENT ENTITIES GROUP, AND THE AD HOC GROUP OF INDIVIDUAL VICTIMS OF PURDUE PHARMA L.P., ET AL

McMahon, J.:

As anticipated following Tuesday's scheduling conference, the court has received three Motions for leave to Intervene as Appellees Pursuant to Rule 8013(g) of the Federal Rules of Bankruptcy Procedure. The motions were filed by the Ad Hoc Committee of NAS Children, the Multi-State Governmental Entities Group, and the Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al. (Dkt. Nos. 44, 46, 48). All three movants were present, either in person or by telephone, at Tuesday's conference.

After reviewing the motions and the accompanying submissions, it seems clear that both the Multi-State Governmental Entities Group and the Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al. argued the issues that are being contested on appeal before the Bankruptcy Court. Their intervention motions are, therefore, granted, as I said they would be at the conference, and they shall henceforth be deemed Appellees in all the pending appeals.

The Ad Hoc Committee of NAS Children admits that it did not argue the contested issues below, so its motion for leave to intervene as appellee is denied. However, as I said at Tuesday's conference, there are a number of entities that, while not technically eligible for appellee status,

have participated actively in the proceedings in the Bankruptcy Court, and their voices should be heard on this appeal. The Ad Hoc Committee of NAS Children is perhaps foremost among those persons and entities. I am, therefore, granting the Ad Hoc Committee permission to file a brief amicus curiae. It is not necessary for the Committee to make a second, formal motion for amicus status with an attached brief; the Committee should simply file its amicus brief on the same date that appellees' brief is due.

Even as we add parties to this appeal (whatever we call them), the limited number of issues that need to be decided remains the same. While many parties are interested in the outcome, the arguments the court must consider do not need to be restated and restated and restated for me to get the point. I am also conscious of the fact that the Estate is being taxed with the cost of participation by multiple parties, and while this is but a drop in a very big bucket, I would like to minimize that burden. Given our tight time constraints, I don't expect that there will be a lot of time for consultation between Debtors and the appellees and amici before their briefs are filed; but to the extent that they can coordinate – perhaps in advance of receiving Appellants' briefs -- so that I don't have to read the same argument over and over again, I would be grateful. It strikes me that the Non-Debtor Appellees and amici who favor confirmation of the Plan have something unique to say about the court's evaluation of the so-called *Metromedia* factors, so it might behoove them to emphasize that aspect of the case in their briefs.

The Clerk is directed to close the motions at Dockets 44, 46 and 48 in the Master Case at 21-cv-7532.

Dated: October 14, 2021

_____
U.S.D.J.

BY ECF TO ALL PARTIES